## COMMONWEALTH *vs.* MICHAEL FLYNN.

It is not necessary, in an indictment for an attempt to commit a crime, within the Rev. Sts. *c.* 133, § 12, that it should be directly charged, that the act attempted was a crime punishable by law, provided it appear to be so from the facts alleged. In an indictment for an attempt to burn a building, it is not necessary to describe the combustible materials used for the purpose.

THE defendant was tried before *Mellen*, J., in the court of common pleas, on an indictment charging him with the offence of attempting to burn a building. The indictment contained two counts. In the first, it was alleged, that the defendant, at the time and place therein mentioned, " did feloniously, wilfully and maliciously attempt to set fire to and burn a certain dwelling-house of one Henry Spear, then occupied by one Frederic Better, there situate, and in such attempt did then and there place a quantity of combustible materials on certain boards under said dwelling-house, and did then and there set fire to said combustible materials, with the intent thereby, then and there, to burn said dwelling-house ; but the said Flynn did then and there fail in the perpetration of said offence, so as aforesaid attempted to be perpetrated by him; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The second count differed from the first only in describing the building attempted to be burnt as a shed of one Henry Spear, &c.

The defendant, being convicted, moved in arrest of judgment : I. Because the indictment does not describe the combustible materials alleged to have been used and set fire to by

the defendant; 2. Because the indictment does not describe or state the offence attempted to be committed, or allege that an attempt was made to commit an offence prohibited by law; 3. Because no offence is set out or averred in the indictment. This motion being overruled, the defendant alleged exceptions.

*J. C. Wolcott,* for the defendant.

*Clifford,* attorney general, for the commonwealth.

DEWEY, J. In answer to the objection, that it is not directly charged in this indictment, that the act attempted by the defendant was an act prohibited by law, it is quite sufficient to say, that, where upon the face of an indictment, the facts charged show that there was an attempt to commit a crime punishable by law, which is of such a character as to come within the Rev. Sts. *c.* 133, § 12, the offence is well charged. The other grounds, suggested on behalf of the defendant, which are to some extent unfounded in fact, are all equally untenable, and present no sufficient reason for arresting the judgment in this case.